

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-20-2006

# USA v. Bowley

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2781

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Bowley" (2006). *2006 Decisions.* Paper 57.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/57

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-2781

UNITED STATES OF AMERICA

v.

DWIGHT BOWLEY
Appellant

On Appeal From the District Court
of the Virgin Islands, Division of St. Thomas
and St. John
(D.C. Crim. Action No. 04-cr-00169-1)
District Judge:  Hon. Raymond L. Finch

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 7, 2006

BEFORE:  McKEE, BARRY and STAPLETON,
Circuit Judges

(Opinion Filed:  December 20, 2006)

STAPLETON, Circuit Judge:

Appellant Dwight Bowley contends that the District Court, in the course of sentencing him to sixty months of incarceration, erred in calculating his guideline range. Finding no error, we will affirm the judgment of the District Court

Appellant pled guilty to one count of unlawful re-entry after deportation in violation of  8 U.S.C. §§ 1326(a) and (b)(2).  The applicable Guideline section, U.S.S.G. § 2L1.2 provides:

(a)  Base Offense Level:  8

(b)  Specific Offense Characteristic

(1)  Apply the Greatest:

If the defendant previously was deported, or unlawfully remained in the United States, after –

(A)  a conviction for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months; (ii) a crime of violence; (iii) a firearms offense; (iv) a child pornography offense; (v) a national security or terrorism offense; (vi) a human trafficking offense; or (vii) an alien smuggling offense, increase by 16 levels;

(B)  a conviction for a felony drug trafficking offense for which the sentence imposed was 13 months or less, increase by 12 levels;

(C)  a conviction by an aggravated felony, increase by 8 levels;

(D)  a conviction for any other felony, increase by 4 levels; or

(E)  three or more convictions for misdemeanors that are crimes of violence or drug trafficking offenses, in crease by 4 levels.

Appellant acknowledges having a prior attempted robbery conviction that comes within the scope of both subsection A and subsection C.  He insists, however, that § 2L1.2 is ambiguous in this context, that the rule of lenity should apply, and, accordingly, that the District Court's 16 level enhancement was in error.  We agree with the District Court that § 2L1.2 unambiguously required it to "Apply the Greatest" and enhance by 16 levels.

The judgment of the District Court will be affirmed.